UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
HECTOR MARTINEZ,

                Plaintiff,

   -against-

THE CITY OF NEW YORK,
NEW YORK CITY POLICE DEPARTMENT,
OFFICER HUMBERTO KIBEL AND
SERGEANT STRONG,

                Defendants.
-------------------------------------------------------------x

Civil No.:

COMPLAINT

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the State of New York and City of New York, against Officer Humberto Kibel and Sergeant Strong, police officers of the City of New York, in their individual capacities and against the New York City Police Department and City of New York. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343 and on the pendent jurisdiction of this Court to entertain claims arising under state law.

2. It is alleged that the individual police officer defendants made an unreasonable seizure of the person of Hector Martinez, violating his rights under the Fourth and Fourteenth Amendements to the United States Constitution, and that these defendants assaulted, battered and used excessive force against Hector Martinez. It is further alleged that these violations and torts were committed as a result of policies and customs of the City of New York and New York City Police Department.

## PARTIES

3. Hector Martinez, was at all material times a resident of the City of New York, State of New York, County of Queens and of full age.

4. Defendant officers were at all times relevant to this complaint duly appointed and acting officers of the police department of the City of New York and New York City Police Department, acting under color of law, to wit, under color of the statues, ordinances, regulations, policies, customs and usages of the City of New York and/or the State of New York.

5. The City of New York is a municipal corporation and the public employer of said officers.

6. All times hereinafter mentioned, defendants, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, refers to any and all agents, servants, officers, employees, organizations, and anyone operating under the policies and control of the defendant, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, including defendants, OFFICER HUMBERTO KIBEL and SERGEANT STRONG.

## FACTS

7. On or about June 27, 2014, at approximately 4:00 PM, Hector Martinez was present at a location on Mermaid Avenue, near 21st St. in the City of New York, County of Kings, State of New York, when he was caused to be injured when one or several members of the New York City Police Department, including those defendant officers named herein, used excessive force in the unlawful arrest of the plaintiff Hector Martinez, which included an assault and battery and the negligent use of improper and excessive force upon the plaintiff while effecting an arrest on the person of the plaintiff Hector Martinez.

8. The plaintiff Hector Martinez was punched and kicked by several individuals whom he did not know and who did not identify themselves, but were members of the New York City Police Department.

9. That defendant police officers assaulted and battered plaintiff, unlawfully arrested the plaintiff and wrongfully and illegally imprisoned the plaintiff causing significant and substantial injuries to his person, both physical and emotional.

10. The defendants failed to follow proper police procedure and acted with excessive force in effecting the arrest of the plaintiff.

11. The defendants falsely imprisoned the plaintiff and deprived the plaintiff of his rights pursuant to section 1983 of the Federal Law as well as his rights pursuant to the Constitution of the United States of America and the New York State Constitution.

12. Although the plaintiff physically feared for his life, he did not physically resist or assault the defendant officers in any way and the force used against him was unreasonable, unnecessary and excessive.

13. The defendant police officers did not have cause to effect a stop or arrest.

14. Nevertheless, the defendant police officers arrested the plaintiff Hector Martinez.

15. Plaintiff was then taken by the defendant police officers in custody to the New York City Police Department police station located at the 060 Precinct where he was detained in violation of his constitutional rights.

16. During his time in custody, the plaintiff was not provided medical assistance by the defendants.

17. At no time during the events described of was plaintiff Hector Martinez a threat to the safety of himself or others, or disorderly, and the plaintiff had not committed any criminal offenses, nor posed any threat to anyone.

18. The defendant police officers had no probable cause for the arrest of the plaintiff and no legal excuse to detain the person or justifiably use the excessive force that was utilized in

seizing the person of the plaintiff.

19. At all times during the events described above, the defendant police officers were engaged in a joint venture and individual officers assisted each other in performing the various acts described and lent their physical presence and support and the authority of their office to each other during said events, and no officer intervened to prevent said illegal and wrongful acts.

20. As a direct and proximate result of the acts by the defendant police officers, the plaintiff Hector Martinez suffered the following injuries and damages:

   a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

   b. Loss of his physical liberty;

   c. Violation of his constitutional rights under the New York State Constitution to be free from an unreasonable search and seizure of his person; and

   d. Physical injury/pain and suffering, emotional trauma and suffering, all of which required the expenditure of money for treatment, and upon information and belief, permanent injury.

## COUNT I

### 42 U.S.C. § 1983 AGAINST INDIVIDUAL DEFENDANTS

21. Paragraphs 1 through 20 are incorporated herein by reference as though fully set forth.

22. Plaintiff Hector Martinez claims those damages as listed herein for the injuries set forth above under 42 USCS section 1983 against defendants Officer Humerto Kibel and Sergeant Strong for violations of his constitutional rights under color of law, in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction herein, plus

punitive damages and attorney's fees.

## COUNT II

### ASSAULT AND BATTERY AGAINST INDIVIDUAL DEFENDANTS

23. Paragraphs 1 through 22 are incorporated herein by reference as though fully set forth.

24. Defendants Officer Humberto Kibel and Sergeant Strong assaulted and battered plaintiff Hector Martinez when said defendants exercised unreasonable and excessive force to affect an arrest of the plaintiff.

25. The injuries caused to the plaintiff, HECTOR MARTINEZ, were caused solely and wholly by the intentional or reckless acts of the defendant, THE CITY OF NEW YORK, by their agents, servants, officers, and/or employees, including defendant, Officer Humberto Kibel and Sergeant Strong, without any cause, justification, or provocation on the part of the plaintiff contributing thereto.

26. As a result of the assault and battery on the plaintiff, Hector Martinez, the plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction herein, plus punitive damages and attorney fees.

27. As a result of the assault and battery, plaintiff, Hector Martinez, was caused to be seriously injured and suffered damages as listed herein.

## COUNT III

### FALSE ARREST AND ILLEGAL IMPRISONMENT AGAINST INDIVIDUAL DEFENDANTS

28. Paragraphs 1 through 27 are incorporated herein by reference as though fully set forth.

29. Defendants officers Humberto Kibel and Sergeant Strong illegally arrested and illegally imprisoned Hector Martinez.

30. As a result of this false arrest and illegal imprisonment, plaintiff Hector Martinez suffered damages as aforesaid and demands damages in and amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction herein, plus punitive damages and attorney fees.

## COUNT IV

**42 U.S.C. § 1983 AGAINST THE CITY OF NEW YORK AND NEW YORK CITY POLICE DEPARTMENT**

31. Paragraphs 1 through 30 are incorporated herein by reference as though fully set forth herein at length.

32. Prior to June 27, 2014, the City of New York and the New York City Police Department developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of persons in the City of New York, which caused the violation of Hector Martinez's rights.

33. It was the policy and/or custom of the City of New York and the New York City Police Department to inadequately and improperly investigate complaints of police misconduct, and acts of misconduct were instead tolerated by the City of New York, including but not limited to this incident.

34. It was the policy and/or custom of the City of New York and the New York City Police Department to inadequately supervise and train its police officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

35. As a result of the above described policies and customs, police officers of the City of New York and New York City Police Department, including the defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned but would be tolerated.

36. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of New York and New York City Police Department to the constitutional rights of persons within the City, and were the cause of the violations of plaintiff's rights alleged herein.

## COUNT V

### 42 U.S.C. § 1983 AGAINST THE CITY OF NEW YORK AND NEW YORK CITY POLICE DEPARTMENT, ITS AGENTS, SERVANTS AND/OR EMPLOYEES, FOR USE OF EXCESSIVE FORCE AGAINST PLAINTIFF, HECTOR MARTINEZ

37. Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth.

38. On the 27th day of June, 2014 at approximately 4:00 p.m. HECTOR MARTINEZ was caused to be seriously and physically injured when through no fault of his own he was the victim of excessive force by the defendants' agents, servants and/or employees herein when he was punched, kicked, assaulted and battered through the excessive and unlawful use of force and unlawful false arrest by offending police officers of the plaintiff.

39. This arrest was wrongful, unlawful and the force used excessive and as a result, the plaintiff HECTOR MARTINEZ was seriously and physically injured.

40. The defendants thereby deprived the plaintiff of his rights, privileges and immunities secured by the United States Constitution and New York State Constitution.

41. The police officers involved owed the plaintiff a duty of care including the duty to exercise due care in the course of their duties as New York City Police Department officers and a

duty to protect citizens from intentional misconduct of other New York City Police Department officers.

42. The individual police officer defendants, Officer Humberto Kibel and Sergeant Strong, by their aforementioned acts negligently failed to use due care in the performance of their duties and in that they failed to perform their duties with the degree of care that a reasonably prudent and careful officer would have used under similar circumstances.

43. As a result of the wrongful acts of the defendants by their agents, servants and/or employees herein, the defendants violated 42 U.S.C. § 1983 in the use of excessive force against the plaintiff HECTOR MARTINEZ.

44. The defendant City of New York is responsible for the conduct of its employees under a theory of respondeat superior and vicarious liability

45. As the result of the excessive force used by the defendants in affecting their arrest upon HECTOR MARTINEZ, the plaintiff was seriously aggrieved and damaged and was caused substantial injury.

46. Other officers that were present further failed to intervene and protect plaintiff from the harm, excessive force and constitutional violations that occurred to plaintiff, rendering the City of New York liable therefore for those damages referenced herein.

## COUNT VI

**NEGLIGENCE AGAINST ALL DEFENDANTS INDIVIDUALLY AND AS AGENTS AND EMPLOYEES OF THE CITY OF NEW YORK AND NEW YORK CITY POLICE DEPARTMENT**

47. Paragraphs 1 through 46 are incorporated herein by reference as though fully set forth.

48. On June 27, 2014 at a the location of Mermaid Avenue and 21st St. in the County of Kings, City and State of New York, at approximately 4:00 PM, defendant City New York by

their agents, servants, officers and/or employees, including defendants Officer Humberto Kibel and Sergeant Strong, assaulted and battered and used excessive force upon the plaintiff, Hector Martinez, while the defendant officers affected an arrest of plaintiff, Hector Martinez.

49. As result of the defendant City New York, through their agents and/or employees, defendants Officer Humberto Kibel and Sergeant Strong, using excessive force upon the plaintiff, Hector Martinez, the plaintiff, Hector Martinez, was caused to be seriously injured.

50. The unnecessary and unjustified excessive force, namely the assault and battery that was used in effecting the arrest of the plaintiff, Hector Martinez, was due to the negligence of the defendant, the City New York by its agents, servants, officers and employees, including the defendants Officer Humberto Kibel and Sergeant Strong, was unnecessary and improper and unlawful and in violation of Section 1983 of the Federal Law, the Constitution of the United States of America and New York State Constitution.

51. The negligence of the defendant as herein set forth, includes, but is not limited to the following: in not properly identifying themselves as police officers to plaintiff, Hector Martinez; in failing to intervene to protect the person of the plaintiff; in inadequate training of officers in arrest procedures; in negligently exerting improper and excessive force and generally acting negligently and carelessly in affecting the arrest of the plaintiff; in overreacting to the situation and failing to exercise reasonable care, thereby causing the plaintiff serious physical injuries.

52. The serious physical injuries caused to the plaintiff, Hector Martinez, were caused solely and wholly by the negligence of the defendant, THE CITY OF NEW YORK, by their agents, servants, officers, and/or employees, including defendants, Officer Humberto Kibel and Sergeant Strong, without any contributing factor or negligence on the part of the plaintiff.

53. As a result of the negligence of the defendants as stated herein, plaintiff, Hector Martinez, suffered serious injury, requiring therapy and medical treatment; suffered economic and non-economic loss, and upon information and belief, some of his injuries may be permanent.

54. As a result of the injury sustained by the plaintiff by reason of the negligence of the defendants as set forth herein, plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction herein.

WHEREFORE, as to all claims above, the plaintiff requests that this Court:

a. Award compensatory damages to plaintiff against the defendants, jointly and severally;

b. Award costs and attorney fees of this action to the plaintiff;

c. Award punitive damages to plaintiff against the defendants, jointly and severally;

d. Award reasonable fees and costs to the plaintiff on all Counts of the complaint; and

e. Award such other and further relief as this Court may deem appropriate.

The plaintiff hereby demands a jury trial.

Dated: New York, New York
       November 10, 2014

Yours, etc.

THE SAFTLER LAW FIRM
Attorneys for Plaintiff

By: _____
Lawrence B. Saftler, Esq. (LS5899)
275 Madison Avenue, Suite 1605
New York, NY 10016
(646) 865-0797